# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

L<span>ARRY</span> M<span>OORE</span>,

    Plaintiff,

v.

U<span>NIVERSITY OF</span> M<span>EMPHIS, ET AL</span>.,

    Defendants.
_____/

Case No.  10-2933

S<span>ENIOR</span> U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span>
J<span>UDGE</span> A<span>RTHUR</span> J. T<span>ARNOW</span>

M<span>AGISTRATE</span> J<span>UDGE</span> T<span>U</span> M. P<span>HAM</span>

## ORDER DENYING DEFENDANT UNIVERSITY OF MEMPHIS'S OBJECTIONS [76], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [74], AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [40]

## I. Introduction

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) [74], recommending that the Court GRANT IN PART and DENY IN PART Defendant University of Memphis's Motion for Summary Judgment [40]. Specifically, the Magistrate Judge recommends that the Court deny the Motion for Summary Judgment [40] as to Plaintiff Larry Moore's Title VII claims of discrimination based on failure to promote and wage discrimination, and grant the Motion for Summary Judgment [40] as to all other claims.

1

Defendant filed its Motion for Summary Judgment [40] on January 31, 2013. Plaintiff Moore filed a Response [47] on March 31, 2013. The Magistrate Judge filed its R&R [74] on August 16, 2013. Defendant filed its Objections [76] to the R&R [74] on August 30, 2013. Plaintiff Moore did not file objections to the R&R [74].

For the reasons stated below, Defendant's Objections [76] are DENIED, the Magistrate Judge's Report and Recommendation [74] is ADOPTED in full, and the Defendant's Motion for Summary Judgment [40] is GRANTED IN PART and DENIED IN PART.

## II. Factual Background

The R&R [74] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R [74] in full.

## III. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(C).

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving

party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## IV. Analysis

In its Objections [76], Defendant University of Memphis argues that the R&R [74] erroneously denied Defendant's Motion for Summary Judgment [40] as to Plaintiff's Title VII failure to promote claim. Within this claim, Plaintiff Moore alleges racial discrimination based on Defendant's failure to promote Plaintiff from associate professor to full professor.

> "In order to establish a prima facie case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion, (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied."

*Nguyen v. City of Cleveland*, 229 F.3d 559, 562-563 (6th Cir. 2000). "After proving the existence of a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. If the defendant meets this burden, the plaintiff must then show that the defendant's articulated reason is a pretext for discrimination." *Id.* at 562 (internal citation omitted).

In the R&R [74], the Magistrate Judge found that Defendant University of Memphis limits its argument to the fourth prong, arguing that Plaintiff Moore did not have the same qualifications as that of a white professor–Dr. Turner– who was promoted during the time Plaintiff Moore's promotion was denied. Defendant's argument here focuses on the fact that Plaintiff Moore published two scholarly articles in a five-year period, while Dr. Turner's published eight articles in the same period. Plaintiff argued that this stated difference in qualifications is pretext for Defendant's racial discrimination. The Magistrate Judge further found that there is a genuine issue of material fact as to whether Dr. Turner is similarly qualified to Plaintiff Moore based on Plaintiff's prior publications and positive recommendations, and that there is an issue of fact as to whether Defendant's proffered reason for failing to promote Plaintiff was in fact pretext.

4

In its Objections [76] now before the Court, Defendant not only argues that Plaintiff Moore was not similarly qualified to Dr. Turner under the fourth prong, but also that under the second prong, Plaintiff was not sufficiently qualified for a promotion. Defendant argues that the College Roles and Rewards Document includes an expectation of a "consistent flow of research activity, expected to result in an average of one publication per year since promotion to associate professor," and that Plaintiff Moore failed to meet this requirement. Defendant further argues that "[i]t is not the Magistrate's province to determine the academic weight of the articles" and that there is nothing in the record to support the Magistrate Judge's consideration of the length of Plaintiff' tenure. Defendant also argues that the R&R [74] ignores Defendant's proffered reason to deny promotion:

> the School of Accountancy was up for accreditation review in the year following Plaintiff's promotion application; to be academically qualified, a faculty member must have three articles in the last five years; and, during an accreditation review, the overwhelming majority of the faculty have to meet the academically qualified test. The University has pointed out that Plaintiff did not meet this test.

However, Defendant's Objections [76] do not explain why Plaintiff Moore was absolutely required to meet this publication qualification, given that only "the overwhelming majority" of faculty needed to reach this goal, as opposed to all faculty. Moreover, Defendant's argument provides no new factual information to

5

resolve the genuine issue of material fact as to Defendant's proffered reason for the denial of promotion being pretext for racial discrimination.

As such, Defendant's Objections [76] are denied, and several genuine questions of material fact remain as to Plaintiff's failure to promote claim.

## V. Conclusion

For the reasons stated above, Defendant's Objections [76] are DENIED, the Magistrate Judge's R&R [74] is ADOPTED, and the Defendant's Motion for Summary Judgment [40] is GRANTED IN PART and DENIED IN PART.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Objections [76] are **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R [74] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [40] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

DATED: December 13, 2013