UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LARRY MOORE,

    Plaintiff,

v.

UNIVERSITY OF MEMPHIS, ET AL.,

    Defendants.

_____/

Case No.  10-2933

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE TU M. PHAM

**ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [73] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [41]**

## I. Introduction

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) [73], recommending that the Court GRANT IN PART and DENY IN PART Defendants Shirley Raines, Rajiv Grover, and Ralph Faudree, Jr.'s (collectively, "Individual Defendants") Motion for Summary Judgment [41]. Specifically, the Magistrate Judge recommends that the Court grant the Motion for Summary Judgment [41] as to all claims, except Plaintiff Moore's Tennessee state law claims.

Individual Defendants filed its Motion for Summary Judgment [41] on January 31, 2013. Plaintiff Larry Moore filed a Response [46] on March 31, 2013. The Magistrate Judge filed its R&R [73] on August 16, 2013. Individual Defendants filed Objections [77] on August 30, 2013. Plaintiff Moore did not file objections to the R&R [73].

For the reasons stated below, the Magistrate Judge's Report and Recommendation [73] is adopted IN PART and the Individual Defendants' Motion for Summary Judgment [41] is GRANTED as to all claims.

## II. Factual Background

The R&R [73] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R [73] in full.

## III. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(C).

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving

party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## IV. Analysis

In the R&R [73] now before the Court, the Magistrate Judge recommends that the Court grant Individual Defendants' Motion for Summary Judgment [41] as to all claims, except Plaintiff Moore's Tennessee state law claims. These claims include: false light, invasion of privacy, interference with contractual relations, intentional infliction of emotional distress, outrageous conduct, misrepresentation, reckless and negligent reporting, harassment, civil and criminal fraud, promissory fraud, slander, libel, and conspiracy.[1] The R&R [73] finds that "[a]side from

---

[1] The Magistrate Judge does recommend dismissal of Plaintiff's state law claim of conspiracy. This Court adopts this portion of the R&R [73].

contesting that any of the their actions were racially motivated or discriminatory, the Individual Defendants do not substantively argue the basis of their motion for summary judgment on the state law claims or demonstrate how Dr. Moore is unable to satisfy all of the elements of those causes of action." The R&R [73] also finds that Individual Defendants fail to show that there is no genuine issue of material fact as to Plaintiff's state law claims.

In is Objections [77], Individual Defendants first argue that Plaintiff's state law claims are barred by the applicable statute of limitations, ranging from six months to one year, depending on the specific tort claim. Of the allegations made against the Individual Defendants in the Complaint [1], the last alleged discriminatory incident occurred on August 30, 2009. More than one year later, Plaintiff filed the Complaint [1] in the instant action on December 26, 2010.

Plaintiff Moore then filed an Amended Complaint [10] on June 13, 2011. As noted in the R&R [73], this Amended Complaint [10] retains all the allegations made in the original Complaint [1] and makes additional allegations of retaliation due to Plaintiff's August 3, 2009 filing with the Equal Employment Opportunity Commission. Plaintiff's only reference to his state law tort claims within the Amended Complaint [10] is Plaintiff's request that the Court "enjoin the Defendants to and to cease and desist discriminatory treatment and practices,

4

conspiracy, retaliation, threats and the various other continual torts." As such, it does not appear that Plaintiff's Amended Complaint [10] seeks to allege additional facts in support of Plaintiff's state law claims. In particular, the Amended Complaint [10] does not allege facts that occur on specific dates falling within any applicable statute of limitations.

Individual Defendants' also raise objections based on the preclusive effect of a previous state court decision dismissing similar claims made by Plaintiff as well as Defendants' alleged immunity under Tennessee state law. However, because Plaintiff's state law claims are time-barred, the Court need not address these objections.

Therefore, Individual Defendants' Objection [77] as to the statute of limitations for Plaintiff's state law claims is GRANTED, and Individual Defendants' Motion for Summary Judgment [41] is GRANTED as to all claims.

## V. Conclusion

For the reasons stated above, the Magistrate Judge's Report and Recommendation [73] is adopted as to Plaintiff's federal claims as well as Plaintiff's state law claim of conspiracy.  Individual Defendants' Objection [77] is granted, and the remainder of Plaintiff's state law claims are barred by the

applicable statutes of limitations. As such, Individual Defendants' Motion for Summary Judgment [41] is GRANTED as to all claims.

Therefore,

**IT IS HEREBY ORDERED** that Magistrate Judge's Report and Recommendation [73] is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Individual Defendants' Objections [77] is **GRANTED** as to the objection based on the applicable statutes of limitations.

**IT IS FURTHER ORDERED** that Individual Defendants' Motion for Summary Judgment [41] is **GRANTED** as to all claims.

**IT IS FURTHER ORDERED** that Individual Defendants are **DISMISSED** from this matter in their individual capacity.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:   December 13, 2013